09-4343-cr
United States v. Naranjo-Ramirez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand ten.

PRESENT:   AMALYA L. KEARSE,
           ROBERT D. SACK,
           GERARD E. LYNCH,
                        *Circuit Judges*.


-----------------------------------------------------------------
UNITED STATES OF AMERICA,
                              *Appellee*,
           v.                                      No. 09-4343-cr

ROBINSON NARANJO-RAMIREZ, also known as
Chicho, also known as Robinson Flores, also known as
Roy,
                              *Defendant-Appellant*.
-----------------------------------------------------------------

FOR APPELLANT:                 Lawrence Gerzog, New York, New York.

FOR APPELLEE:                    Justin D. Lerer, Assistant United States Attorney (Susan Corkery, Assistant Unitd States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York.

Appeal from the United States District Court for the Eastern District of New York (Sandra L. Townes, *District Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment, entered on August 10, 2009, is AFFIRMED.

Defendant-Appellant Robinson Naranjo-Ramirez was convicted, following a guilty plea, of conspiracy to import heroin in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(A), and 963.  The district court sentenced Naranjo-Ramirez to 150 months of imprisonment, followed by five years of supervised release, and a $100 special assessment.  Naranjo-Ramirez now appeals, arguing that his sentence was procedurally unreasonable.  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

The Presentence Investigation Report ("PSR") concluded that Naranjo-Ramirez was the leader of a conspiracy involving at least eleven participants, resulting in a four-point aggravating role adjustment.  At sentencing, when asked by the district court whether the government could prove the leadership enhancement proposed in the PSR was justified, the government indicated that it had previously represented to Naranjo-Ramirez that it would not argue for such an adjustment, but that it could prove the leadership role if the court ordered a hearing.  The district court noted that it had an independent obligation to determine the advisory guideline range and to consider the

2

factors pursuant to 18 U.S.C. § 3553(a), and it ordered a hearing to determine whether such an adjustment was appropriate. The parties eventually stipulated to a two-level adjustment, and no hearing was held. Naranjo-Ramirez now argues that his sentence is unreasonable because the district court lacked the authority to order the hearing.

Naranjo-Ramirez did not object when the district court ordered the hearing, and he specifically withdrew his letter objecting to the two-level stipulated enhancement at sentencing. Accordingly, we review the district court's decision to order the hearing for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Villafuerte, 502 F.3d 204, 207-08 (2d Cir. 2007). We find no error, let alone plain error.

It was "clearly within [the] power" of the district court to "direct[] the Government to provide [it] with the pertinent information." United States v. Goodman, 165 F.3d 169, 173 (2d Cir. 1999). Further, even if we were to construe the government's prior representation in an unsuccessful plea negotiation as a binding promise, such a promise by the Government to refrain from arguing for a specific position would "not forbid the government from responding to a specific request of the court by 'supply[ing] the Court with the law and the facts.'" United States v. Riera, 298 F.3d 128, 135 (2d Cir. 2002), quoting Goodman, 165 F.3d at 172. Thus, the district court committed no procedural error in ordering a hearing to determine whether or not Naranjo-Ramirez's role in the crime merited a leadership enhancement.

Naranjo-Ramirez also alleges procedural error because the district court allegedly failed to account for the "harsh" conditions of his pre-extradition confinement in Colombia's Combita prison. "[P]re-sentence confinement conditions *may* in appropriate cases be a permissible basis for downward departures." United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001) (emphasis added). However, the district judge was under no *obligation* to depart from the Guidelines on the basis of Naranjo-Ramirez's allegedly harsh pre-sentence confinement conditions. This is so notwithstanding that other district court judges have invoked the unusually difficult conditions in the Combita prison in granting downward departures. See, e.g., United States v. Torres, No. 01 CR 1078, 2005 WL 2087818 at *2 (S.D.N.Y. Aug. 30, 2005).

Naranjo-Ramirez argues that, even if such a downward departure is not mandatory, the district court committed error because it "failed to consider" the harsh conditions at Combita. There is a "strong presumption that a sentencing judge has taken properly presented arguments into account and considered all the § 3553(a) factors in the course of imposing a sentence." United States v. Fernandez, 443 F.3d 19, 34-35 (2d Cir. 2006). Naranjo-Ramirez has failed to overcome this presumption.

In the instant case, the district judge specifically noted that she had reviewed the defense's July 29, 2009 letter, which discussed the conditions at Combita, and Naranjo-Ramirez's attorney reiterated the harshness of the conditions there during the very hearing at which the district judge imposed Naranjo-Ramirez's sentence. The "absence of

4

explicit discussion" of the conditions at Combita "does not overcome our strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors." Id. at 33; see also United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010) ("[W]e never have required a District Court to make specific responses to points argued by counsel in connection with sentencing . . . ."). We therefore conclude that Naranjo-Ramirez has not overcome the presumption that the district judge properly considered his pre-sentencing confinement conditions, even though she did not – and was not required to – specifically address those harsh conditions when imposing the sentence.

We have considered all of Naranjo-Ramirez's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5